IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CONGYING ZHENG                             :
                                           :
                    Petitioner,            :     3:26-cv-1538
                                           :     (JUDGE MARIANI)
        v.                                 :
                                           :
ANGELA HOOVER, WARDEN                      :
CLINTON COUNTY                             :
CORRECTIONAL FACILITY, *et al.*,           :
                                           :
                                           :
                    Respondents.           :

## MEMORANDUM OPINION

### I.      BACKGROUND

On June 5, 2026, Petitioner Congying Zheng ("Petitioner"), a citizen of China, filed a

*pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Petitioner

is detained at the Clinton County Correctional Facility within the Middle District of

Pennsylvania and names as Respondents, Angela Hoover, Warden of the Clinton County

Correctional Facility and the Department of Homeland Security.  (*Id.*).

Petitioner entered the United States on or about May 8, 2014, and was admitted as a

lawful permanent resident.  (Docs 8 at 2, 8-3).  On January 22, 2025, Petitioner was

convicted in the United States District Court for the Eastern District of New York for

Conspiracy to Engage in Interstate Stalking, in violation of 18 U.S.C. § 371, and Interstate

Stalking, in violation of 18 U.S.C. § 2261A(1)(B).[1]  (Docs. 8 at 2-3, 8-3).  Petitioner was sentenced to a term of imprisonment of sixteen months.  (*Id.*).

On or about February 3, 2026, following the completion of his criminal sentence, ICE arrested Petitioner.  He has remained detained since.  On March 3, 2026, an Immigration Judge ("IJ") denied Petitioner's request for bond, holding it lacked "jurisdiction under 8 C.F.R. § 1003.19(h)(2)(i)(C)" because Petitioner "had engaged in activity to violate laws in the United States relating to espionage." (Doc. 8 at 3-4).

On April 7, 2026, an IJ found Petitioner removable and ordered him removed to China.  (Docs. 8 at 4, 8-9).  Both Petitioner and Respondents waived appeal of the IJ's removal order.  (*Id.*).  As such, Petitioner's removal order is administratively final.

Petitioner seeks his immediate release, a stay or vacatur of his removal order, and an order enjoining ICE from deporting him pending his appeal of his criminal conviction. (Doc. 1 at 8).  Respondents ask this Court to dismiss the petition as premature, "because Petitioner is detained pursuant to 8 U.S.C. § 1231 and he is mandatorily detained during the 90-day removal period." (Doc. 8 at 2).

---

[1]      Petitioner's post-trial motions for acquittal and a new trial were denied by Judge Pamela Chen of the U.S. District Court for the Eastern District of New York.  (Doc. 8-4).  As reflected in Judge Chen's memorandum opinion, Petitioner was "convicted of various crimes connected to an international effort led by the government of the People's Republic of China . . . to repatriate, through intimidation and other tactics, Chinese nationals living outside of that country to face criminal charges in China." (*Id.* at 1).  Petitioner appealed his conviction, sentence, and the denial of his post-trial motions to the United States Court of Appeals for the Second Circuit. (Doc. 1-1 at 1).  His appeal remains pending.

## II.    STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004 (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

## III.    ANALYSIS

Respondents assert that the Court must dismiss the petition because Petitioner's detention falls within the 90-day removal period provided by 8 U.S.C. § 1231(a) and is therefore mandatory. The Court agrees. Because Petitioner's detention falls within the 90-day removal period, his detention is mandatory, and the Court cannot grant him habeas relief at this time.

8 U.S.C. § 1231(a) provides, in relevant part:

3

**(a) Detention, release, and removal of aliens ordered removed**

    **(1) Removal period**

        **(A) In general**

        Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").

        **(B) Beginning of period**

        The removal period begins on the latest of the following:

            **(i)** The date the order of removal becomes administratively final.

            **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

            **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

        **(C) Suspension of period**

        The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

    **(2) Detention**

        **(A) In general**

        During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

8 U.S.C. § 1231(a)(1)-(a)(2).

Under 8 U.S.C. § 1231(a), the Attorney General is required to detain noncitizens subject to a final order of removal throughout the 90-day removal period. "Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day removal period." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. §

4

1231(a)(1)(A)).  "The removal period begins on the latest of three dates:  (1) the date the order of removal becomes administratively final, (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the alien is released from non-immigration detention or confinement." *Id.* (citing 8 U.S.C. § 1231(a)(1)(B)).  "During the removal period, detention is mandatory." *Id.* (citing 8 U.S.C. § 1231(a)(2)).

On April 7, 2026, an IJ ordered Petitioner removed to China.  Petitioner's removal order is administratively final because he waived appeal to the Board of Immigration Appeals ("BIA") and otherwise failed to timely appeal the IJ's removal order.[2]  8 C.F.R. §§ 1241.1(b), (c).  It is undisputed that Petitioner is still within the 90-day removal period set forth in 8 U.S.C. § 1231(a)(1)(B) as of the date of this writing.  Accordingly, Petitioner's

---

[2]    8 C.F.R. § 1241.1 is entitled "Final order of removal" and provides:

An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final:
   (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
   (b) Upon waiver of appeal by the respondent;
   (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
   (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal;
   (e) If an immigration judge orders an alien removed in the alien's absence, immediately upon entry of such order; or
   (f) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1(a)-(f).

detention is mandatory, and the Court cannot grant habeas relief at the time.[3]   *See Vargas Chacon v. Rokosky*, 2026 WL 1048383, at *1 (D.N.J. Apr. 17, 2026) ("Because his current detention falls within the statutorily mandated removal period and does not otherwise violate the Constitution, the Petition is denied.").

Upon careful consideration of the petition, the Court finds that Petitioner's claims lack merit, and he has failed to carry his burden to demonstrate that he is entitled habeas relief at this time.[4]   Accordingly, the Court will deny the petition.

## IV.   **CONCLUSION**

For the foregoing reasons, Petitioner's habeas petition will be denied.  A separate Order follows.

Robert D. Mariani
United States District Judge

---

[3]      The Supreme Court has interpreted 8 U.S.C. § 1231(a) to limit post-removal order detention to a period "reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).  The Supreme Court found that period of detention of up to six months was "presumptively reasonable." *Id.* at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

[4]      To the extent Petitioner's seeks a stay or vacatur of the IJ's removal order, (Doc 1 at 8), the Court lacks jurisdiction to grant such relief. *See* 8 U.S.C. § 1252(g) (". . . [n]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."); *see also* 8 U.S.C. § 1252(b)(9).  Similarly, the Court lacks jurisdiction to enjoin ICE from deporting Petitioner pending the appeal of his criminal conviction. *Id.* Petitioner further failed to exhaust his administrative remedies by appealing his removal order to the BIA.  Even if the Court has jurisdiction to grant the requested relief and Petitioner exhausted his administrative remedies, the Court finds that Petitioner is not entitled to any habeas relief in the form of release from detention or staying, vacating, or enjoining his removal from the United States.